**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-26-0000182**
**10-JUL-2026**
**09:06 AM**
**Dkt. 30 ODSLJ**

NO. CAAP-26-0000182

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
BERYL M.Y. YOU, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTI-25-010508)

ORDER DISMISSING APPEAL
(By: Nakasone, Chief Judge, Wadsworth and Gluck, JJ.)

Upon consideration of Plaintiff-Appellee State of Hawai'i's (**State**) June 23, 2026 Motion to Strike Opening Brief and to Dismiss Appeal, the papers in support and the record,[1] it appears as follows.

Self-represented Defendant-Appellant Beryl M.Y. You (**You**) appeals from the District Court of the First Circuit,

---

[1] The court construes the July 6, 2026 "Reply Motions to Strike Opening Brief and to Dismiss Appeal" as an untimely opposition to the motion and does not consider it.

Honolulu Division's February 18, 2026 Order (**Denial Order**) denying her February 10, 2026 "Defendant's Statement Requesting Reconsideration" (**Motion to Reconsider**).  The State seeks to strike You's June 17, 2026 Opening Brief for failure to comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(3), which requires, inter alia, record references supporting each statement of fact.  The State further contends the court lacks appellate jurisdiction because You's March 12, 2026 Notice of Appeal was not timely filed within thirty days of the February 4, 2026 Notice of Entry of Judgment and/or Order and Plea/Judgment (**Judgment**), and the Motion to Reconsider is not a tolling motion under HRAP Rule 4(b)(2).[2]

The State's reliance on HRAP Rule 4(b) is misplaced, as Hawaiʻi Civil Traffic Rules (**HCTR**) Rule 19(a) provides that "[a]ppeals from judgments entered after a trial may be taken in the manner provided for appeals from district court civil judgments."  Therefore, HRAP Rule 4(a), which governs the time to appeal in civil cases, applies.

The Notice of Appeal was not timely filed within thirty days of a judgment entered after a trial, as required under HRAP Rule 4(a)(1).  Under HRAP Rule 4(a)(3), the time to appeal is tolled if "any party files a timely motion for judgment as a matter of law, to amend findings or make additional findings, for a new trial, to reconsider, alter or amend the judgment or order, or for attorney's fees or costs, and court or agency rules specify the time by which the motion shall be filed."  However, the availability of the tolling provision in HRAP Rule 4(a)(3) depends on whether the HCTR specifies "the time by which the motion shall be filed."

---

[2]     The State references argument raised in its May 12, 2026 Statement Contesting Jurisdiction.

2

Because the HCTR do not refer to a motion for reconsideration of a judgment entered after trial, they do not specify the time by which such a motion shall be filed, and the Motion to Reconsider is therefore not a tolling motion under HRAP Rule 4(a)(3).  Therefore, the time to appeal ran from the Judgment, and You's Notice of Appeal was untimely.

Therefore, IT IS HEREBY ORDERED that the June 23, 2026 Motion to Strike Opening Brief and to Dismiss Appeal is granted in part and denied in part as follows:

1. The request to dismiss the appeal for lack of appellate jurisdiction is granted.

2. All other relief requested is denied as moot.

DATED:  Honolulu, Hawaiʻi, July 10, 2026.

/s/ Karen T. Nakasone
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Daniel M. Gluck
Associate Judge